UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VICTOR L. CANDELARIO,

    Plaintiff,

v.

RON VAN BOENING, *et al.*,

    Defendants.

Case No. C08-5656RJB

ORDER DIRECTING PLAINTIFF TO SUBMIT AN AMENDED COMPLAINT OR SHOW CAUSE WHY MATTER SHOULD NOT BE SUMMARILY DISMISSED

The Court, having reviewed plaintiff's application for IFP, complaint and the balance of the record contained herein, does hereby find and ORDER.

(l) A complaint is frivolous when it has no arguable basis in law or fact. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). <u>Noll v. Carlson</u>, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984)).

(2) Plaintiff's complaint appears to call into question the validity of his continued confinement in prison. More specifically, Plaintiff is seeking immediate release, as well as money damages, in the amount of $25,000 per day beyond his earned release date ("ERD").

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or

ORDER
Page - 1

sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 2374.

Plaintiff necessarily claims call into question the legality of his confinement at McNeil Island Corrections Center. It appears from the Complaint, Plaintiff is arguing defendants have kept, and continue to keep, him in custody beyond his earned release date. Based on the above facts, such a claim should be first raised in a petition for writ of habeas corpus, not a § 1983 civil rights claim for money damages. Significantly, Plaintiff has not shown that he has previously successfully challenged the decision to keep him in custody and that that decision violates his constitutional rights in the context of his conviction and sentence. Thus, it appears a § 1983 claim for monetary damages is premature.

(3) Plaintiff has failed to describe how each defendant was personally involved in the alleged deprivations. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff's complaint does not show that any of the individuals named as defendants personally participated in the alleged civil rights violations.

In addition, plaintiff names the Superintendent of the prison as a defendant. As noted above plaintiff has not described how this individuals participated in the alleged violations, but plaintiff shall also note that a defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

(4) Due to the deficiencies described above, Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter should not be dismissed **by no later than January 2, 2009**. If an amended complaint is not timely filed or if plaintiff fails to adequately respond, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk is directed to send plaintiff a copy of this Order and the General Order

DATED this 28th day of November, 2008.

>            /s/ J. Kelley Arnold
>            J. Kelley Arnold
>            United States Magistrate Judge